# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C12-2006 |
| vs. | ORDER FOLLOWING STATUS CONFERENCE |
| 190 FIREARMS & MISCELLANEOUS AMMUNITION, | |
| Defendant, | |
| And Concerning | |
| THEODORE A. SMALLEY, JASON R. VORTHMANN, DONALD J. BECKER, and DWAYNE EILERS, | |
| Claimants. | |

On the 1st day of April 2013, this matter came on for a status conference. The United States was represented by Assistant United States Attorney Martin J. McLaughlin. Claimant Dwayne Eilers appeared personally and was represented by his attorney, John Jay Rausch. Claimants Theodore A. Smalley, Jason R. Vorthmann, and Donald J. Becker did not appear, nor anyone for them.

At the time of hearing, the United States confirmed that it had reached settlement agreements with Donald Becker and Jason Vorthmann for the return of certain firearms. *See* docket numbers 16 and 17. Eilers' attorney advised the Court that Eilers makes no claim in the six weapons referred to in the Vorthmann and Becker settlement agreements. Accordingly, the Court instructed counsel for the United States to prepare an appropriate

order, authorizing and directing the United States to return those weapons to Vorthmann and Becker.

Claimant Theodore A. Smalley filed a claim seeking the return of a Walther rifle (item 12-ATF-000162). The United States does not dispute Smalley's ownership of the weapon, but asserts that it cannot be returned to Smalley because he is prohibited from possessing a firearm. Counsel for Eilers advised the Court that Eilers makes no claim in the weapon. Counsel for the United States advised the Court that he intends to file a motion for summary judgment regarding Smalley's claim.

Regarding the claim made by Dwayne Eilers, the parties agree that the weapons which were seized from the "front" of the business are subject to forfeiture. The parties disagree, however, regarding whether the weapons seized from the "back" of the building are subject to forfeiture. The Court directed counsel for the United States to prepare a list of the items seized from the front of the building, with a separate list of the items seized from the back of the building. The parties agreed that the United States will then submit a proposed order directing the forfeiture of those items seized in the front. The items seized in the back will be subject to a non-jury trial conducted by Judge McManus.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. Not later than **May 1, 2013**, the United States shall submit a proposed order authorizing and directing the United States to return certain weapons to Jason Vorthmann and Donald Becker, pursuant to the settlement agreements reached with those two claimants.

2. Not later than **May 1, 2013**, the United States shall submit a proposed order authorizing and directing the United States to forfeit those weapons and ammunition seized from the front of the building.

3. Not later than **May 1, 2013**, the United States may file a motion for summary judgment regarding the claim of Theodore A. Smalley. Smalley may then respond to the motion pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

4. Any further discovery in this case must be completed not later than **May 1, 2013**.

5. The trial ready date in this case is **September 1, 2013**.

DATED this 1st day of April, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA